STATE OF WEST VIRGINIA

*In re* **B.M.-1**

**No. 19-0217** (Wirt County 17-JA-22)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.M.-2, by counsel Joseph Munoz, appeals the Circuit Court of Wirt County's December 6, 2018, dispositional order terminating her parental rights to B.M.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem, Michael D. Farnsworth Jr., filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a child abuse and neglect petition alleging that petitioner exposed the child to illegal drug use and drug paraphernalia and failed to provide a safe and clean home for the child. Following the filing of the petition, petitioner waived her preliminary hearing. Thereafter, the circuit court held an adjudicatory hearing in February of 2018. Petitioner did not appear in person, but was represented by counsel. Based on the testimony presented, the circuit court found that dangerous conditions existed in petitioner's home, including dirty needles that were in reach of the child. The circuit court further found that petitioner's home was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as B.M.-1 and B.M.-2, respectively, throughout this memorandum decision.

frequented by drug users who used drugs in the child's presence. As such, the circuit court concluded that petitioner abused and neglected the child and adjudicated petitioner as an abusing parent.

The circuit court held a dispositional hearing in April of 2018. The DHHR submitted a report detailing petitioner's noncompliance with services and supervised visits with the child. Additionally, the report showed that petitioner submitted to only two drug screens, both of which were positive for illegal substances such as amphetamines, methamphetamines, and marijuana. Despite this report, petitioner moved for a post-adjudicatory improvement period, to which the DHHR objected. Although the circuit court found that petitioner had not sufficiently participated in services or supervised visits with the child, the court granted petitioner's motion for a post-adjudicatory improvement period due to her "youthful age."

The circuit court held several review hearings on the matter to determine petitioner's progress in her improvement period. At the first review hearing in July of 2018, the DHHR's report stated that petitioner failed to submit to a substance abuse evaluation and therapy sessions. However, the report also indicated that petitioner's cooperation with services had improved. At the second review hearing in September of 2018, the DHHR's report provided that petitioner missed four separate intake appointments to begin her individualized therapy sessions. Additionally, petitioner failed to consistently comply with drug screens, refused to enter a substance abuse treatment program, and struggled to obtain stable housing. Despite this evidence, the circuit court ordered that petitioner's improvement period continue. Finally, in October of 2018, a final review hearing was held. The DHHR reported that petitioner consistently failed drug screens, refused assistance with admission into an inpatient treatment program, and continued to make no progress under her improvement period. Accordingly, the circuit court terminated petitioner's improvement period.

In November of 2018, the circuit court held a final dispositional hearing. The DHHR again submitted a report evidencing petitioner's continued refusal to enter a drug rehabilitation facility. Petitioner moved for a post-dispositional improvement period, which the circuit court denied. The circuit court found that petitioner failed to participate in her post-adjudicatory improvement period, continued to test positive for methamphetamines, and failed to remedy the conditions of abuse and neglect that led to the filing of the petition. As such, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected and terminated petitioner's parental rights to the child. It is from the December 6, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]The child's father's parental rights were also terminated. B.M.-1 currently resides in a foster home with the permanency plan of adoption therein.

2

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she testified at the dispositional hearing that she attempted to get into treatment and attended AA meetings. We find petitioner's argument to be without merit.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when,

> [s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner did not meet the statutory requirements to be granted a post-dispositional improvement period. While petitioner asserts that she should have been granted a post-dispositional improvement period because she "attempted to get into treatment and attended AA meetings," the record demonstrates that this does not constitute a substantial change in circumstances, especially given that petitioner's post-adjudicatory improvement period was terminated due to her lack of progress. Additionally, petitioner's argument that she attempted to get into treatment is contradicted by the evidence below, which established that petitioner failed to comply with the basic steps necessary to submit to inpatient treatment arranged by the DHHR. Furthermore, the record is void of any evidence that demonstrates petitioner's likeliness to fully participate in a post-dispositional improvement period. To the contrary, the record reflects that petitioner failed to participate in nearly every aspect of the post-adjudicatory improvement period that was granted to her. Specifically, petitioner failed to complete parenting and life skills classes, failed to participate in supervised visits with her child, and continued to test positive for illegal substances throughout the proceedings. As such, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights. Specifically, petitioner argues that she took "limited steps toward corrective action" as demonstrated by her testimony that she attained employment, sought out treatment options, and desired to finish school. Petitioner further asserts that her limited education, resources, and young age warranted a less-restrictive disposition, as opposed to the termination of her parental rights. We disagree.

Many of the same facts the circuit court relied upon in denying petitioner's motion for a post-dispositional improvement period also support the termination of petitioner's parental rights. Most notably, petitioner's failure to participate in her post-adjudicatory improvement period and her continued drug use demonstrate that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings.

Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Additionally, West Virginia Code § 49-4-604(c)(1) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

Petitioner's assertion that her "limited steps toward corrective action" demonstrated that the termination of her parental rights was in error is unfounded given her consistent noncompliance with the services provided to her by the DHHR. As set forth in detail above, petitioner failed to participate in her post-adjudicatory improvement period such that services were terminated due to her lack of progress. Furthermore, petitioner continued to abuse illegal substances throughout the proceedings. Simply put, petitioner failed to follow through with the rehabilitative efforts designed to remedy the abuse and neglect issues that caused the petition to be filed. As such, the circuit court correctly concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the child's welfare. Moreover, this Court has previously held that

4

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 6, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison